**MACZKO, Plaintiff-Appellee, v. WABASH FIRE AND CASUALTY INSURANCE CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24579.   Decided December 11, 1958.

Joseph L. Newman, for plaintiff-appellee.
Crossen & Chamberlin, for defendant-appellant.

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law from a judgment for the plaintiff entered on the verdict of a jury upon trial in the Municipal Court of Cleveland.   The plaintiff's action was for damages based on the terms of a policy of insurance insuring plaintiff against loss and damage to his bulldozer resulting from theft.   Plaintiff's petition alleges that said bulldozer was stolen whereby it was damaged.

The policy provisions upon which the action is based provide:

"To pay for direct and accidental loss of or damage to automobile caused by fire; lightning, or theft, including loss or damage due to the following:

"1) * * *

"2) * * *

"3) Larceny, robbery, or pilferage."

The bulldozer of the plaintiff was being used to dig basements along a new street (Donnybrook Road) then being constructed and not yet paved, running between Warrensville Center Road and Northfield Road just south of the Southgate Shopping Center. The plaintiff left this equipment on the job after the workday was over on January 10, 1957 (which was a Thursday). He did not return to work because of bad weather until the following Monday or Tuesday. Upon his return, he alleges that it was discovered that the bulldozer had been moved and in the process, the left gear housing had been broken. It is the claim of the plaintiff that the damage was the proximate result of the theft of this equipment.

From a judgment for the plaintiff, the defendant claims the following errors:

"1. The Court erred in submitting this case to a jury.

"2. The Court erred in failing to grant Defendant's Motion for Judgment."

In the defendant's brief, he also claims error in the court's charge to the jury.

In its general charge to the jury, the court defined the terms larceny or theft as follows:

"Now, of course, we have to take 'stolen' in the ordinary sense of the term. Something which is stolen is taken from the owner or one in possession rightfully without the consent or knowledge of such person and removes it from the place where it was found."

The element of the crime of larceny missing from this statement of the law as given is "with intent to steal." Without a showing of intent to steal, the crime of larceny is not shown. In this case the omitted element of "intent to steal" was very material. Under the charge as given, the mere moving of the bulldozer would be sufficient to show theft.

There seems to be no general exception to the charge or specific exception to the error committed in defining larceny. However, the error is of such a serious character as to make it appear that if a correct charge were given, a totally different result could have obtained. **Sec. 2321.03 R. C.**, provides in part:

"* * * Error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party, without exceptions being taken to the charge."

In the second paragraph of the syllabus in the case of **Todd v. East Liverpool Publishing Company**, 9 C. C. N. S. 249 (affirmed 81 Oh St 521), it is said:

"The fact that no exception was taken to the charge of the court, does not prevent the raising of the question on review as to whether the verdict was contrary to law, where it was apparently the result of erroneous instructions."

The court, in its charge, also eliminated from the jury's consideration the question of the duty of the plaintiff to establish his case by the greater weight or the preponderance of the evidence. In this the rights of the defendant were prejudicially affected. The court instructed the jury as follows:

"The claim is based—the defendant has admitted in his answer, that the insurance policy was in full force and effect but denies that the tractor—the bulldozer was stolen or that there is any liability under the policy.

"So you must determine that from the facts as to whether or not the plaintiff has proved his case. I will say ordinarily, by preponderance of the credible evidence, that the defendant, as is his right, has not offered any witnesses for the defense and so there is no preponderance to be considered because preponderance means the weight of it, weight as between two parties.

"The plaintiff must prove, however, that the credibility of the evidence would be such as to warrant the judgment in his behalf.

"'* * *

"Ordinarily we would say it is because you would have to analyze the testimony between the plaintiff and the defendant and their witnesses. But you must, with equal objectivity and fairness, analyze the testimony of the plaintiff and his witness. Have they proved that the article was stolen?"

To suggest that a different rule in weighing the evidence is required in a case where the defendant does not present witnesses, where there is not the slightest suggestion that there were, in fact, witnesses available, constitutes error. Nor is the fact that all the witnesses, sworn, were presented by the plaintiff, a circumstance that relieves the plaintiff of the burden of proving the essential facts in making out his case, by the preponderance of the evidence. Under such circumstances, as in any other case, the jury is not bound to believe the testimony of one or more of the witnesses. They still must determine the credibility to be given to the testimony of each witness, and from the credible evidence determine whether all of the facts essential to the plaintiff's case are sustained by the greater weight of the evidence. Here the defendant, by answer, after admitting the issuance of the policy of insurance and the terms thereof, put in issue all of the other claims of the plaintiff. He also appeared at the trial and cross-examined each witness. Under these circumstances, the jury must be instructed that it must find from the evidence submitted that it is more probable, than not, that the facts necessary to make out plaintiff's case have been shown by the greater weight of the evidence. Such an instruction must include a definition of what is meant by the "preponderance of the evidence" to guide the jury in its deliberating.

For the foregoing errors in the court's charge, the judgment is reversed and cause remanded for further proceedings.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.

SKEEL, PJ, concurs in the reversal of the judgment but believes that the plaintiff failed to present any evidence that the bulldozer was the subject of the theft.